**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42233**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 597** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  August 25, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CRAIG ALLEN HUNTER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Thomas J. Ryan, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Craig Allen Hunter appeals from the district court's order denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer observed Hunter exit a parking lot and turn onto Cleveland Boulevard, a one-way, two-lane road.  Without establishing himself in the right lane, Hunter pulled into the left lane and signaled for approximately 150 feet before turning left.[1]  The officer then pulled Hunter over for failure to utilize a turn signal for five seconds, Idaho Code § 49-808(2).  The officer approached Hunter's car, smelled alcohol coming from the car, and observed that Hunter's eyes

---

[1]     The officer later returned to the scene of the stop and measured the distance from the parking lot to the street where Hunter turned; the distance was 156 feet.

were bloodshot. Hunter admitted to consuming three alcoholic beverages. He subsequently failed three field sobriety tests and was arrested for felony driving under the influence.

Hunter filed a motion to suppress all evidence obtained after the traffic stop. He asserted that the officer did not have reasonable suspicion of a traffic violation pursuant to I.C. § 49-808(2). The court denied the motion, finding that Hunter's conduct--pulling directly into the left lane without establishing himself in the right lane--violated I.C. § 49-644(1) and gave the officer reasonable suspicion of a traffic violation.

Hunter entered a conditional guilty plea to felony driving under the influence, reserving the right to appeal the denial of his motion to suppress. Hunter timely appeals.

## II.

## ANALYSIS

Hunter argues the traffic stop was not justified under I.C. §§ 49-808(2) or 49-644(1), and seeks to suppress all evidence obtained after the traffic stop. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those

inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson,* 128 Idaho at 561, 916 P.2d at 1286.

Hunter argues that the officer did not have reasonable suspicion to make the stop because Hunter did not violate I.C. §§ 49-808(2) or 49-644(1). Idaho Code § 49-808(2) requires drivers on controlled-access highways to signal "continuously for not less than five (5) seconds and, in all other instances, for not less than one hundred (100) feet" before turning or changing lanes. The district court found that Hunter signaled his left turn for "approximately three (3) seconds." The State conceded that Cleveland Boulevard is not a controlled-access highway. Thus, Hunter's failure to signal for five seconds was not a violation of I.C. § 49-808(2) for which the officer had reasonable suspicion to stop Hunter. The district court also found that Hunter signaled his left turn for "approximately one hundred fifty (150) feet." Accordingly, the officer did not have reasonable suspicion to stop Hunter for his turn because he complied with I.C. § 49-808(2) by signaling for more than 100 feet. However, the district court held that "regardless of whether the officer was interpreting I.C. § 49-808(2) correctly at the time of this traffic stop, he had legal cause to stop the vehicle because of his observation of the violation of I.C. § 49-644."

Idaho Code § 49-644(1) requires "[b]oth the approach for a right turn and the right turn shall be made as close as practicable to the right-hand curb or edge of the roadway." Hunter concedes that he did not establish himself in the right lane before pulling into the left lane. However, he asserts that I.C. § 49-644(1) "provides an exception to the general rule in that a person is not required to make a right turn into the farthest right lane if it is not practicable." He maintains that it was not practicable for him to comply with I.C. §§ 49-808(2) and 49-644(1) because he only had a short distance to establish himself in the right lane, signal his move to the left lane, and signal his turn onto a cross street.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000).

The language of I.C. § 49-644(1) unambiguously requires drivers to turn into the right, or nearest, lane. *In re Beyer*, 155 Idaho 40, 45, 304 P.3d 1206, 1211 (Ct. App. 2013). The practicability language in the statute does not excuse drivers from turning into the nearest lane. Rather, it instructs drivers to make their turn "as close as practicable to the right-hand curb or edge of the roadway." I.C. § 49-644(1). Practicability does not depend on subjective factors such as a driver's predetermined route. *See State v. Neal*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Oct. 15, 2014) (review pending) (finding that the practicability language in I.C. 49-637(1) did not allow "a person to occasionally leave his lane, without any apparent need"). Instead, practicability must be determined objectively. *See id.* For instance, if the right-hand lane were blocked in some fashion, a driver may make a right-hand turn that is less than "as close as practicable to the right-hand curb or edge of the roadway." I.C. § 49-644(1). Thus, because nothing, other than his own predetermined route, made it impracticable for Hunter to make his turn onto Cleveland Boulevard as close to the right-hand curb or edge of the roadway as he could, he was required to do so. As Hunter concedes that he did not establish himself in the right lane before pulling into the left lane, the officer clearly had reasonable suspicion to pull him over for a violation of I.C. § 49-644(1). Therefore, Hunter is not entitled to suppression of any evidence obtained after the traffic stop and the district court correctly denied Hunter's motion to suppress.

### III.

### CONCLUSION

Hunter violated I.C. § 49-644(1) and the officer thus had reasonable suspicion to make the stop. The district court's order denying Hunter's motion to suppress is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.