**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42363, 42364, 42365, & 42366**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2015 Opinion No. 82 |
| | ) | |
| **Plaintiff-Respondent,** | ) | Filed:  December 9, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **KEITH L. CASE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

Judgments of conviction for possession of a controlled substance, misdemeanor possession of controlled substance, failure to purchase a driver's license, and possession of drug paraphernalia, <u>vacated</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

MELANSON, Chief Judge

In these consolidated cases, Keith L. Case appeals from his judgments of conviction for possession of a controlled substance, misdemeanor possession of controlled substance, failure to purchase a driver's license, and possession of drug paraphernalia.  Case asserts that the district court erred by denying his motion to suppress in which he argued that his traffic stop was not supported by reasonable suspicion.  For the reasons set forth below, we vacate.

**I.**

**FACTS AND PROCEDURE**

On Thanksgiving Day, an officer observed a vehicle with no front license plate.  The officer pulled in behind the vehicle and saw that it displayed a dealer automobile license plate.

1

The officer decided to stop the vehicle to investigate whether the dealer plate was being utilized properly because it was a holiday and he believed the dealerships to be closed. The officer notified dispatch that he would be initiating a traffic stop and reported the dealer plate number. The officer then activated his overhead lights. At some point thereafter, dispatch notified the officer that the dealer plate number "did not return," meaning that dispatch was unable to find the number in the Department of Motor Vehicles database. Case was unable to provide his driver's license or proof of insurance. The officer made inquiries about illegal contraband in the car. Case admitted to having a small amount of marijuana. During a subsequent search of Case, the officer discovered methamphetamine, marijuana, and drug paraphernalia.

The state charged Case with possession of a controlled substance, I.C. § 37-2732(c)(1) (Docket No. 42366); misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3) (Docket No. 42363); driving without obtaining a driver's license, I.C. § 49-301(1) (Docket No. 42364); and possession of drug paraphernalia, I.C. § 37-2734A (Docket No. 42365). Case filed a motion to suppress the evidence collected during the traffic stop, arguing that the officer lacked reasonable suspicion to initiate the traffic stop. At the motion to suppress hearing, the officer testified he stopped the vehicle based on dispatch's report that the dealer plate number did not return and because a dealer plate was being used on Thanksgiving Day when the dealer's business was not open. The district court denied Case's motion, finding that the officer had reasonable suspicion to initiate the stop of Case's vehicle based on the dispatch report and that it was reasonable for the officer to suspect that the dealer plate was being misused because it was being used on Thanksgiving Day, outside of business hours.

At the trial, the officer testified that he had activated his overhead lights at the same time he called into dispatch, not after he received the report that the dealer plate number did not return. Based on this testimony, Case renewed his motion to suppress, arguing that the officer did not have reasonable suspicion to conduct the traffic stop because the officer did not have the dispatch report prior to initiating the traffic stop. Although the district court expressed concern over the change in the officer's testimony, the district court once again denied Case's motion. The district court found, based on the restrictions on dealer plate use, it was reasonable for the officer to suspect misuse as the dealer plate was being used on Thanksgiving Day, outside of

2

business hours. After presentation of the evidence, the jury found Case guilty of all four charges. Case appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution prohibit unreasonable searches and seizures. Although Case cites to both federal and state constitutions, he provides no argument as to why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Case's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Because a traffic stop is limited in scope and duration, it is analogous to an investigative detention and is analyzed under the principles set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *Rodriguez v. United States*, ___ U.S. ___, ___, 135 S.Ct. 1609, 1614 (2015); *State v. Stewart*, 145 Idaho 641, 644, 181 P.3d 1249, 1252 (Ct. App. 2008). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The determination of whether an investigative detention is

reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Perez-Jungo*, 156 Idaho 609, 614, 329 P.3d 391, 396 (Ct. App. 2014). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

## III.

## ANALYSIS

At both the initial motion to suppress hearing and again following Case's renewed motion to suppress during the jury trial, the district court found that the officer had reasonable suspicion to stop Case given the statutory limitations on dealer plate use. The district court found that it was reasonable for the officer to suspect improper dealer plate use because Case was using it outside of business hours. On appeal, Case argues that the district court erred in denying his suppression motion when it found that the officer had reasonable suspicion to make the traffic stop based on Case's use of the dealer license plate outside of business hours. Case contends that whether he was validly using the dealer plate is irrelevant. He asserts that a properly displayed dealer plate carries a presumption of validity because there are multiple legitimate uses for dealer plates outside of business hours. Thus, Case argues that officers cannot lawfully initiate a traffic stop based on the inchoate suspicion that dealer plates might not be in lawful use. In support, Case cites to this Court's decision in *State v. Salois*, 144 Idaho 344, 160 P.3d 1279 (Ct. App. 2007).

In *Salois*, the defendant was stopped based on the display of a temporary registration permit. There, we rejected the state's argument that the mere presence of a temporary permit provided reasonable suspicion to perform a traffic stop to investigate its validity and held:

> [T]he presence of a properly displayed temporary permit, subject to the discussion below, dispels any reasonable suspicion of a violation of I.C. § 49-456(1). To hold otherwise would allow law enforcement officers of this state *unfettered*

4

*discretion to stop each and every vehicle being operated with a temporary registration to "investigate" its validity*. To the contrary, an *officer must have a reasonable suspicion of criminal activity before a traffic stop is initiated, not after.* A temporary permit displayed in compliance with I.C. § 49-432([4]) carries with it a presumption of validity, not of invalidity. The mere existence of the properly placed temporary permit cannot serve as the basis for reasonable suspicion to allow an officer to stop a vehicle to inspect the permit unless the invalidity of the permit, such as by improper alteration, is obvious and discernable by the officer prior to stopping the vehicle. The State's position would allow law enforcement officers to presume that temporary permits are invalid *per se*, justifying an officer to stop a vehicle in order to conduct further inspection concerning the legitimacy of the temporary permit. We reject that position.

*Id.* at 348, 160 P.3d at 1283 (emphasis added). Case asks this Court to apply this same rule to properly displayed dealer plates and hold that officers may not perform a traffic stop to investigate the validity of dealer plate use.

Conversely, the state argues that the predicate for the stop in *Salois* is distinguished from the present case. It contends that the officer did not stop Case because of the type of license plate, but because the type of license plate was not usually valid on the day the vehicle it was attached to was being driven--Thanksgiving Day. Consequently, the state argues that the traffic stop was supported by reasonable suspicion because it was reasonable for the officer to suspect that Case's use of the dealer plate on Thanksgiving Day was unlawful given the statutory limitations placed on dealer plate usage. Specifically, the state contends that, because the dealer plate can generally only be used in pursuance of dealership business and, based on the totality of circumstances, it was reasonable to suspect that the dealer plate was being used improperly on a day when dealerships are typically closed. The state asserts that just because there could be a possible legitimate use of a dealer plate on Thanksgiving Day does not remove the officer's reasonable suspicion.

## A.    Reasonable Suspicion Based on Dealer Plate Use

Idaho law requires that a motor vehicle be registered and display license plates when being operated on the highways of this state. I.C. §§ 49-456 and 49-428. Specifically, dealer plate use is governed by I.C. § 49-1627. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho

5

654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. Neither party contends I.C. § 49-1627 is ambiguous.

Under its plain language, the statute addresses under what circumstances a dealer plate may be used. The statute establishes a general rule permitting dealer plate use for manufacturer or dealer vehicles owned or operated in pursuance of the manufacturer's or dealer's business. I.C. § 49-1627(1). The statute carves out seven specified situations wherein a dealer plate is precluded:

> (a)    On work or service vehicles not held in stock for sale;
> (b)    On leased or rented vehicles owned by the licensed manufacturer or dealer;
> (c)    On a laden vehicle designed for transportation of cargo, unless the manufacturer or dealer has complied with section 49-434, Idaho Code, except as provided in subsection (3) of this section;
> (d)    On vehicles which have been sold;
> (e)    On vehicles used by the licensee for furtherance of another business;
> (f)    On vehicles owned by a licensed wholesaler used for personal use;
> (g)    On vehicles owned by a licensed wholesaler, operated by their licensed salesmen, used for personal use.

I.C. § 49-1627(2). Additionally, the statute describes multiple circumstances where varying types of dealer plate usage are permitted by certain types of individuals. A dealer plate may be used for personal purposes by the dealer or by a licensed full-time salesman. I.C. § 49-1627(3). Prospective buyers are permitted to use dealer plates when operating the vehicle with the dealer, manufacturer, or a licensed salesman and when possessing the vehicle with the dealer plate for not more than ninety-six hours. *Id.* Licensed part-time salesmen may utilize dealer plates only when demonstrating the vehicle to a purchaser but not for personal use. I.C. § 49-1627(4). Other nonlicensed vehicle salesman employees or authorized persons are also permitted to use dealer plates. Such persons may use dealer plates when testing the mechanical operation of a vehicle or for the necessary operation in pursuance of the dealer's business. *Id*. This includes delivery and pickup of vehicles owned or purchased by the manufacturer or dealer. *Id*. Finally,

6

the statute imposes specific rules on laden vehicles, record keeping, and proper display of dealer plates. I.C. § 49-1627(3), (5)-(7).

At the initial motion to suppress hearing, the officer testified that the reason he stopped Case was because he was displaying a dealer plate on Thanksgiving Day. The officer testified that, "I routinely stop vehicles with dealer plates on them outside of business hours for that very purpose to find out if [the drivers are] aware of how they're supposed to use the plate." The officer's conduct and justification for it are misguided.

The statute imposes no limitation on when dealer plates may be used in pursuance of business. Nor does the statute provide a definition for what constitutes a business purpose that would lead one to conclude that such a purpose would occur only during a dealer's business operating hours. It is not difficult to imagine scenarios under which authorized persons could be pursuing legitimate business purposes when the business is closed. Thus, it follows that the pursuance of business requirement could occur outside of business hours.

Additionally, the parties and the district court acknowledge the existence of exceptions to the general rule that dealer plate use is legitimate outside the pursuance of business. The statute provides that specified parties may use dealer plates for varying purposes, including for personal reasons, pursuit of dealership business, and to inspect a vehicle's mechanical operation. There are no temporal limitations imposed on such functions and, by their nature, they contemplate potential use outside of business hours. Notably, prospective vehicle purchasers are also allowed to possess vehicles held for sale and, in so doing, utilize dealer plates. In this regard, the statute contemplates circumstances where potential buyers can take the vehicle home for test-driving purposes. The very nature of this permissive provision contemplates dealer plate use after business hours, including holidays. Therefore, under the plain language of I.C. § 49-1627, multiple circumstances exist where a dealer plate may be legitimately used outside of business operating hours.

As it relates to forming a basis for reasonable suspicion to initiate a traffic stop, we conclude that temporary permits and dealer plates serve similar purposes, and the reasoning underlying our decision in *Salois* applies here. Consequently, we hold that a properly displayed dealer plate carries with it a presumption of validity and cannot serve as the sole basis for reasonable suspicion to allow an officer to stop a vehicle. A contrary holding would permit law

7

enforcement officers unfettered discretion to stop vehicles being operated with a dealer plate to investigate its validity whenever they believe the use is occurring outside of business hours. *See Salois*, 144 Idaho at 348, 160 P.3d at 1283. Such a rule would be untenable as there are multiple legitimate uses of dealer plates outside of business hours and it would unreasonably subject legitimate dealer plate users to investigatory stops whenever an officer believes dealerships are closed. Moreover, as we have noted, the statute imposes no such business hours limitation. Therefore, we hold that the district court erred in finding that the officer had reasonable suspicion to stop Case based on his use of the dealer plate on Thanksgiving Day. Accordingly, the district court erred in denying Case's motion to suppress in this regard.

**B.      Alternate Theory**

The state also argues that the district court's order denying Case's motion to suppress should be affirmed on an alternative theory. It asserts that, even if Case's use of the dealer plate on Thanksgiving Day did not supply the officer with reasonable suspicion to stop Case for violating I.C. § 49-1627, the traffic stop was still reasonable. The state contends that, by the time Case was actually seized, the officer knew the dealer plate did not return giving him reasonable suspicion that the dealer plate was invalid. Case contends that reasonable suspicion is determined by the facts known to the officer when the traffic stop is initiated.

When a district court reaches the correct result by an erroneous theory, this Court will affirm the district court's order upon the correct theory. *State v. Fisher*, 140 Idaho 365, 373, 93 P.3d 696, 704 (2004). We will not, however, do so in the absence of a sufficient factual record. Here, the proceedings were primarily focused on whether the use of a dealer plate established reasonable suspicion. Facts were not sufficiently developed below to allow this Court to consider the state's alternative theory and we do not addres it.

**IV.**

**CONCLUSION**

The district court erred in finding that the officer had reasonable suspicion to stop Case based solely on his use of the dealer plate on Thanksgiving Day. We decline to address the state's alternative theory argument. Therefore, we hold that the district court erred in denying Case's motion to suppress. Accordingly, we vacate Case's judgments of conviction.

Judge GRATTON and Judge HUSKEY, **CONCUR**.