IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48235

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 6, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SHELLEY KIMBERLY ELWOOD, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge. Hon. James D. Stow, Magistrate.

Order affirming denial of motion to suppress, <u>affirmed</u>.

Anne Taylor, Kootenai County Public Defender; Samuel Y. Geddes, Deputy Appellate Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Shelley Kimberly Elwood appeals from the district court's order affirming the magistrate court's denial of her motion to suppress following her conviction for misdemeanor possession of marijuana entered on a conditional guilty plea. Elwood argues that the magistrate and district courts erred in their interpretation of Idaho Code § 49-625 by finding that the officer who stopped her vehicle had reasonable suspicion that she violated the statute.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Elwood was driving eastbound in the lane nearest the curb on a road with one center, two westbound, and two eastbound lanes when she was passed by a police vehicle with its emergency lights activated traveling in the opposite direction. While other drivers pulled over, Elwood did not. Another officer, parked in a nearby parking lot, observed Elwood fail to pull over and initiated

1

a traffic stop believing Elwood violated I.C. § 49-625. In the course of the traffic stop, the officer observed Elwood in possession of marijuana vapes.

Elwood was charged with possession of marijuana. She filed a motion to suppress, arguing that she was illegally detained when the officer initiated the traffic stop. Specifically, she denied that there was a passing police vehicle with its emergency lights activated and that, even had there been a passing police vehicle, she did not fail to yield the right-of-way as she was not required to under I.C. § 49-119 since she was traveling in the opposite direction and did not inhibit the police vehicle or give rise to any danger of collision. The magistrate court found, based on Elwood's and the arresting officer's testimony, that there was a passing police vehicle with its emergency lights activated and that Elwood violated I.C. § 49-625 by failing to pull over and yield the right-of-way, thereby providing reasonable suspicion to stop her vehicle. Based on these findings, the magistrate court denied Elwood's motion to suppress.

Elwood entered a conditional guilty plea to possession of marijuana, reserving the right to appeal the denial of her motion to suppress. The magistrate court entered judgment, and Elwood filed a timely intermediate appeal to the district court.

On intermediate appeal, Elwood argued that the magistrate court erred in its interpretation of I.C. § 49-625. Elwood argued that the magistrate court ignored the immediacy requirement in the statute, as she was separated from the emergency vehicle by two to three lanes, and again argued that she was not required to yield the right-of-way when she did not inhibit or create a danger of collision with the police vehicle. The district court held that the statute directs all traffic to yield to approaching emergency vehicles, and the magistrate court did not err in its interpretation that of the statute. Further, the district court held that the magistrate court correctly applied the statute in finding that Elwood was required to yield the right-of-way since Elwood could not know where the emergency vehicle was ultimately headed. Elwood again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of

2

the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

Elwood argues that the magistrate and district courts erred in finding that the officer who stopped her vehicle had reasonable suspicion that she violated I.C. § 49-625. Elwood asserts that both courts erred in their interpretation of I.C. § 49-625 by failing to recognize the need for immediacy of an approaching police vehicle, and by finding that Elwood was required to yield the right-of-way under I.C. § 49-119(18). We address each of these contentions below.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*.

## A.    Idaho Code § 49-625

Idaho Code § 49-625 states that "upon the immediate approach of an authorized emergency or police vehicle making use of an audible or visible signal . . . the driver of every other vehicle shall yield the right-of-way." Elwood does not argue that the statute is ambiguous or dispute whether the police vehicle met the statutory requirements for the audio and visual signal. Instead,

Elwood argues that the magistrate and district courts ignored the immediacy requirement and erred in finding that Elwood was required to yield the right-of-way to the passing police vehicle.

Elwood first defines "immediate" in a temporal, spatial, and causal sense, then argues that both the distance between her vehicle and the passing police vehicle and the fact that the officer driving with emergency signals did not notice Elwood fail to stop indicate that there was both spatial separation and "a lack of direct impact." Since the police vehicle was driving in the opposite direction and was at least two lanes away from her vehicle, Elwood argues the magistrate and district courts erred in failing to find that there was no "immediate approach."

As noted in Elwood's brief, the magistrate court did not address whether the police vehicle's approach was immediate. This is due to the fact that Elwood did not present this argument until her appeal to the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Even had Elwood's argument been preserved, the district court did not err in affirming the magistrate court's application of the statute. Elwood advocates for a very limited definition of immediate, which would require that a police vehicle be within one lane or heading in the same direction as a passing vehicle before the statute requires a driver to yield the right-of-way. Here, the police vehicle passed Elwood traveling in the opposite direction and a couple of lanes apart. Nonetheless, the approach of the police vehicle was immediate under the statute regardless of the spatial relationship between the two vehicles, which were in close proximity. Under the facts presented here, the magistrate court did not err in failing to address Elwood's argument regarding the interpretation of "immediate," and the district court correctly affirmed the magistrate court's application of I.C. § 49-625 to find reasonable suspicion to support the traffic stop of Elwood's vehicle.

## B.     Idaho Code § 49-119(18)

Elwood next argues that the magistrate and district courts erred in finding that Elwood was required to yield the right-of-way to the police vehicle in this case. Idaho Code § 49-119(18) defines right-of way as:

> the right of one (1) vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under circumstances of direction, speed and proximity as to give rise to danger of collision unless one grants precedence to the other.

4

Elwood argues that she had no right-of-way to yield and therefore was not required to drive her vehicle to the side of the road. In support of this argument, Elwood cites I.C. § 49-625 which states that upon the approach of a police vehicle, drivers shall "yield the right-of-way and immediately drive to . . . the right side of the highway." Based on this section, Elwood argues that since yielding the right-of-way is connected to the requirement to drive to the right side of the highway by the statute's use of the word "and," if a driver has no right-of-way to yield, the driver also has no obligation to drive the vehicle to the right side of the highway. Since Elwood's vehicle was traveling in the opposite direction of the police vehicle and was separated by at least two lanes, Elwood asserts her vehicle did not inhibit the police vehicle based on the direction, speed, and proximity of the two vehicles. Therefore, Elwood argues there was no danger of collision and she had no right-of-way to yield.

Elwood was required to yield the right-of-way. In arguing that the right-of-way only exists where there is a danger of collision, Elwood misreads I.C. § 49-119 as it applies in the context of I.C. § 49-625. The right-of-way is the right to lawfully proceed unimpeded by vehicles or pedestrians where one must yield to the other to avoid collision. Prior to the passing of the police vehicle, Elwood maintained the right-of-way in her lane. Idaho Code § 49-625 requires that that right be yielded to passing emergency and police vehicles with the proper signals activated. The fact that the police vehicle in this case did not turn into the businesses Elwood was passing is irrelevant. Neither is Elwood's belief that she could have avoided a danger of collision due to the multiple lanes between her vehicle and the police vehicle. Elwood was required to yield the right to proceed lawfully in her lane, regardless of whether that right was actually utilized by the passing police vehicle. Therefore, the district court did not err in affirming the magistrate court's finding that Elwood failed to yield the right-of-way, and the magistrate court's conclusion that the officer had reasonable suspicion to stop her vehicle.

## IV.

## CONCLUSION

The magistrate and district courts correctly determined that the officer who stopped Elwood's vehicle had reasonable suspicion that she violated I.C. § 49-625 and did not err in interpreting I.C. § 49-625. Therefore, we affirm the district court's order affirming the magistrate court's denial of Elwood's motion to suppress.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

5