3 P.3d 65

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Juan M. ESCOBAR, Defendant–Appellant.**

No. 25196.

Court of Appeals of Idaho.

May 3, 2000.

Review Denied June 27, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Susan R. Brindle, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Juan Escobar asks this Court to vacate his judgment of conviction for trafficking in methamphetamine, Idaho Code § 37–2732B. Escobar asserts that the district court erred in its interpretation of § 37–2732B with re-

spect to the requisite proof of the quantity of drugs sold or delivered.

## FACTS AND PROCEDURAL HISTORY

In a tape-recorded telephone conversation, Escobar represented to a confidential informant that he would sell to the informant one ounce, which equates to 28.35 grams, of methamphetamine. The following day, Escobar completed the transaction, but delivered only 24.266 grams of methamphetamine, not the promised one ounce. Escobar was subsequently arrested and admitted to law enforcement officers that he sold the informant one ounce of methamphetamine. Before trial, Escobar moved for dismissal of the trafficking charge on the ground that the amount of methamphetamine that he delivered was less than twenty-eight grams, which is the minimum amount required for commission of the offense of trafficking in methamphetamine under I.C. § 37–2732B(a)(3). The district court denied the motion. Thereafter, a jury found Escobar guilty of the charged offense, and the district court imposed a unified fifteen-year sentence with a five-year determinate term. Escobar appeals, asserting that the district court erred in allowing him to be prosecuted and convicted for trafficking in methamphetamine when the actual amount of narcotics sold was less than the statutorily required twenty-eight grams.

## ANALYSIS

Escobar was prosecuted under I.C. § 37–2732B(a)(3) (1995) (amended July 1, 1998 and 1999),[1] which provided in part:

> Any person who knowingly manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, twenty-eight (28) grams or more of methamphetamine or of any mixture or substance containing a detectable amount of methamphetamine is guilty of a felony, which felony shall be known as "trafficking in methamphetamine."

His appeal turns upon another subsection of that statute, I.C. § 37–2732B(c) which specifies:

---

1. Escobar was charged under I.C. § 37–2732B(a)(3) in April 1998. In 1999, this subsec- tion was renumbered § 37–2732B(a)(4). 1999 Idaho Sess. Laws, ch. 143, § 2 at 410.

For the purposes of subsections (a) and (b) of this section the weight of the controlled substance as represented by the person selling or delivering it is determinative if the weight as represented is greater than the actual weight of the controlled substance.

The State relied upon subsection (c) in prosecuting Escobar for trafficking even though the amount of methamphetamine he delivered was less than twenty-eight grams.

Escobar argues that subsection (c) should be construed by this Court to make the amount of a controlled substance represented by the seller determinative only if the transaction was not completed and no amount was actually delivered. If a delivery occurred, according to Escobar, then the seller should be subject to prosecution only for the amount actually delivered. We are thus presented with an issue of statutory interpretation.

Judicial interpretation of a statute begins with an examination of the statute's literal words. *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *City of Boise v. Indus. Comm'n.,* 129 Idaho 906, 909, 935 P.2d 169, 172 (1997); *Grand Canyon Dories v. Idaho State Tax Comm'n,* 124 Idaho, 1, 5, 855 P.2d 462, 466 (1993). The language of the statute must be given its plain, obvious and rational meaning. *Burnight, supra; City of Boise, supra.* If the language is clear and unambiguous, it must be applied according to its plain terms, and there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Burnight, supra; State v. Hagerman Water Right Owners, Inc.,* 130 Idaho 727, 732, 947 P.2d 400, 405 (1997); *City of Boise, supra; Davis v. Idaho Dept. of Health and Welfare,* 130 Idaho 469, 470, 943 P.2d 59, 60 (Ct.App.1997).

We find no ambiguity in I.C. § 37–2732B(c) which would allow the interpretation urged by Escobar. Subsection (c) unambiguously applies to *all* prosecutions under subsections (a) and (b) of § 37–2732B. It makes *no* distinction between offenses that involve a completed delivery and those that do not. Therefore, under subsections (a)(3) and (c), a defendant may be convicted of trafficking in methamphetamine if the defendant represented the weight of the delivered substance to be twenty-eight grams or more, even if the actual weight was less.

In support of his argument that subsection (c) applies only to uncompleted transactions, Escobar directs us to federal judicial decisions applying the federal sentencing guidelines. However, in view of the clarity of our statute, there is no reason for this Court to consult decisions of other jurisdictions enforcing a different statutory scheme.

It is undisputed that Escobar represented that he would sell to the confidential informant one ounce of methamphetamine, which is more than twenty-eight grams. Therefore, the district court was correct in applying I.C. § 37–2732B(c) and denying Escobar's motion to dismiss the trafficking charge. The evidence presented to the jury, showing that Escobar represented the amount sold to be one ounce, is sufficient to support Escobar's conviction.

The judgment of conviction is affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN concur.