**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39782**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Opinion No. 21** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 9, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MARTIN GARCIA-PINEDA,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge. Hon. Casey U. Robinson, Magistrate.

Order of the district court reversing the magistrate's denial of the Rule 35 motion, <u>affirmed</u>.

Brown & James; Joseph F. James, Gooding, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Martin Garcia-Pineda appeals from the district court's order reversing the magistrate court's denial of the State's motion to correct an illegal sentence.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2011, Garcia-Pineda pled guilty to the misdemeanor charge of possession of a controlled substance, Idaho Code § 37-2732(c)(3). The magistrate court imposed a ninety-day jail sentence, with eighty-seven days suspended, and placed Garcia-Pineda on probation for eighteen months. The magistrate also imposed one hundred hours of community service, but suspended eighty of those hours.

The State filed an Idaho Criminal Rule 35 motion asserting the sentence was illegal because the magistrate court did not require completion of the statutorily-required minimum number of community service hours. The magistrate court denied the motion, concluding it had

the inherent authority to suspend any portion of a sentence. The State then appealed to the district court, which reversed the magistrate court's order. Garcia-Pineda timely appealed.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

Garcia-Pineda claims the magistrate court acted within its inherent powers and boundaries in suspending eighty of the one hundred required hours of community service provided in I.C. § 37-2738(5). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.*

2

Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Garcia-Pineda pled guilty to possession of a controlled substance in violation of I.C. § 37-2732(c)(3). The sentencing criteria for drug cases is set forth in I.C. § 37-2738. Idaho Code § 37-2738(5) provides:

> Any person who pleads guilty to or is found guilty of a violation of the provisions of the Idaho Code identified in subsection (1) of this section shall, when granted a probationary period of any sort whatsoever, be required by the court to complete a period of not less than one hundred (100) hours of community service work.

The statute unambiguously requires that the court *shall* require a person who pled guilty to possession of a controlled substance to "*complete* a period of not less than one hundred (100) hours of community service work." (Emphasis added.)

Garcia-Pineda, however, contends the analysis does not end simply because I.C. § 37-2738(5) requires a person who pleads guilty to possession of an illegal substance to complete a minimum one hundred hours of community service. Garcia-Pineda claims the magistrate court acted within its authority in suspending the eighty hours of community service. Essentially, Garcia-Pineda argues that the magistrate court is required to impose the minimum community service hours, which it did, and that it is within its inherent powers to suspend any of those hours. Garcia-Pineda cites Article V, Section 13 of the Idaho Constitution and I.C. § 19-2601[1] as authority for his argument. We find Garcia-Pineda's arguments to be unpersuasive.

Idaho Constitution, Article V, Section 13 states:

> The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals,

---

[1] Idaho Code § 19-2601provides:

> Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:
> . . . .
> (2) Suspend the execution of the judgment at the time of judgment or at any time during the term of a sentence in the county jail and place the defendant on probation under such terms and conditions as it deems necessary and expedient . . . .

3

and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution, provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and *any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.*

(Emphasis added.) The language plainly states the sentence imposed cannot be less than the mandatory minimum and further, once imposed, the minimum sentence "shall not be reduced."

Garcia-Pineda's reliance on *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971) is also misguided. Garcia-Pineda argues *McCoy* stands for the principle that the judiciary has an inherent power under the common law to suspend the whole or part of a defendant's sentence. *McCoy*, 94 Idaho at 240, 486 P.2d at 251. The decision in *McCoy* predated the amendment to Article V, Section 13 of the Idaho Constitution, which states, in relevant part: "any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced."[2] Therefore, the *McCoy* decision, and its reliance on the common law, is inapplicable to the current case.

Lastly, Garcia-Pineda claims that the magistrate court's sentence was not subject to a Rule 35 motion for a correction of an illegal sentence. Idaho Criminal Rule 35(a) states that a "court may correct a sentence that is illegal from the face of the record at any time." As noted above, the magistrate court suspending eighty of the community service hours was illegal in light of requirements contained in I.C. § 37-2738(5) and Article V, Section 13 of the Idaho Constitution. Therefore, the district court correctly reversed the order of the magistrate court denying the State's Rule 35 motion.

---

[2] Garcia-Pineda argues that the amendment to Article V, Section 13 of the Idaho Constitution does not provide "any limitation in the inherent powers of the Court to imposes [sic] and/or suspend terms and conditions of probation." Garcia-Pineda does not cite any case authority or case law for why "any sentence" and "any mandatory minimum sentence" does not apply to statutorily-required conditions of probation. Garcia-Pineda also does not explain why the sentencing criteria contained in I.C. § 37-2738(5) are conditions of probation rather than a part of the sentence.

4

### III.

### CONCLUSION

Idaho Code § 37-2738(5) requires a person convicted of possession of a controlled substance to complete a minimum one hundred hours of community service. The magistrate court erred by suspending eighty of Garcia-Pineda's community service hours. The district court's order reversing the magistrate court's denial of State's Rule 35 motion is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**