# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44192

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 307 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 9, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| AMY L. SHOEMAKER, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Denial of motion in limine, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Amy L. Shoemaker was charged with felony driving under the influence (DUI), Idaho Code § 18-8004, -8005(9), having been convicted within the past fifteen years of one or more felony violations of DUI. Shoemaker filed a motion in limine moving the district court to exclude any evidence of Shoemaker's 2007 DUI criminal conviction. The district court denied the motion in limine. Shoemaker entered a conditional guilty plea to DUI reserving the right to appeal the denial of the motion in limine. The district court imposed a unified six-year sentence, with two years determinate, suspended the sentence, and placed Shoemaker on probation. Shoemaker timely appeals.

1

Shoemaker argues the district court erred in failing to exclude any evidence of Shoemaker's 2007 DUI criminal conviction because the 2007 DUI case did not proceed to sentencing, there was no judgment of conviction entered, and because Shoemaker's 2007 DUI guilty plea was dismissed after her completion of drug court. Shoemaker also asserts that because no judgment of conviction was entered, the State could not use her prior DUI to enhance her current DUI to a felony.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Idaho Code Section 18-8004(9) states in part:

[A]ny person who has **pled guilty** or has been found guilty of a felony violation of the provisions of section 18-8004, Idaho Code, a felony violation of the provisions of section 18-8004C, Idaho Code, a violation of the provisions of section 18-8006, Idaho Code, a violation of the provisions of section 18-4006 3.(b), Idaho Code, notwithstanding the form of the judgment(s) or withheld judgment(s) or any substantially conforming foreign criminal felony violation, notwithstanding the form of the judgment(s) or withheld judgment(s), and within fifteen (15) years pleads guilty or is found guilty of a further violation of the provisions of section 18-8004, Idaho Code, shall be guilty of a felony and shall be sentenced pursuant to subsection (6) of this section.

(Emphasis added.) Shoemaker admitted that she pled guilty to DUI in 2007.

Further, the Idaho Supreme Court addressed the same issue raised by Shoemaker in *State v. Glenn*, 156 Idaho 22, 219 P.3d 1191 (2014). The *Glenn* Court held:

We hold that I.C. § 18-8005 is unambiguous. Therefore, a I.C. § 19-2604(1) dismissal does nothing to vacate or erase a defendant's original entry of a guilty plea or a jury's original finding of guilt. Here, I.C. § 18-8005 applies because Glenn was a person who in 2010 pled guilty to a DUI within fifteen years of pleading guilty to a previous felony DUI. Thus, the district court correctly denied Glenn's motion to dismiss.

2

Based on the plain language of I.C. § 18-8005(9) and the Court's holding in *Glenn*, Shoemaker's 2007 guilty plea is a valid predicate conviction enhancing the charge to a felony in this case; and the district court did not err by denying Shoemaker's motion in limine.

Therefore, the denial of Shoemaker's motion in limini is affirmed.