THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45389**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 5, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| ERIC LIVINGSTON WEIGLE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail; Hon. Thomas F. Neville, District Judges.

Judgment of conviction for robbery, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Eric Livingston Weigle appeals from the judgment of the district court entered upon a jury verdict finding him guilty of robbery. Weigle asserts the district court erred by permitting the jury to examine an exhibit admitted for demonstrative purposes during deliberations. For the reasons provided below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A man entered a credit union and handed a teller a note that read, "Money on counter or I shoot u!" The teller handed the man approximately $2,000 and scooped the handwritten note onto the floor for the purpose of retaining it for fingerprints. An officer responded to the bank alarm and secured the area. Another officer and his canine searched the surrounding area and found clothes in a nearby dumpster consistent with those worn by the bank robber in the

1

surveillance video.  A crime scene investigator collected the robbery note off the floor and put it into an envelope, which was booked into evidence, along with the clothes from the dumpster and the bank's surveillance video.  A forensic scientist who specializes in latent fingerprints analyzed the fingerprints left on the note.  She found that one of the five fingerprints on the note was of value for comparison.  Her conclusion, which was also peer reviewed, was that this print matched Weigle's left thumbprint.

Weigle was charged with felony robbery with a persistent violator enhancement.  At trial, the teller identified Weigle as the bank robber.  The forensic scientist who analyzed the fingerprints also testified.  She explained the method she employed to develop the fingerprints from a piece of paper, as well as the method for comparing fingerprints.  She prepared a PowerPoint presentation demonstrating the process she used to perform the fingerprint comparison analysis, which was admitted for demonstrative purposes without objection as Exhibit 13.  The presentation included pictures of Weigle's left thumbprint and the print from the note that was of value for comparison.  The court instructed the jury that evidence admitted for a limited purpose, such as a demonstrative purpose, could only be considered for that purpose.

During deliberations, the jury stated it was missing the PowerPoint presentation created by the forensic scientist.  Weigle made an objection to providing Exhibit 13 to the jury during deliberations, which was overruled.  The court provided the exhibit with the limiting instruction previously provided.

Weigle was found guilty of felony robbery, Idaho Code §§ 18-6501 and 18-6502, and with being a persistent violator, I.C. § 19-2514.  The court imposed a sentence of twenty years, with ten years determinate.  Weigle timely appeals.

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes.  *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).  Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.  *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000).  The language of the statute is to be given its plain, obvious, and rational meaning.  *Burnight*, 132 Idaho at 659, 978 P.2d at 219.  If the language is clear and unambiguous, there is no occasion for the court to

2

resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

## III.

## ANALYSIS

Weigle's argument on appeal that the district court erred by permitting the jury to examine Exhibit 13 is based on his contention that I.C. § 19-2203, which governs what materials may be given to a jury during deliberations, is ambiguous. The State asserts Weigle failed to preserve this issue for appeal because he did not cite to that statute specifically as the basis of his objection before the district court. We agree.

This case is analogous to *State v. Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700 (2017). In that case, Garcia-Rodriguez was stopped for crossing over the fog line while exiting the interstate and was subsequently arrested for failure to purchase a driver's license, a violation of I.C. § 49-301. *Garcia-Rodriguez*, 162 Idaho at 273-74, 396 P.3d at 702-03. During a search incident to arrest, the trooper found methamphetamine in Garcia-Rodriguez's pocket, and he was charged with methamphetamine trafficking and paraphernalia. *Id.* at 274, 396 P.3d at 703. Garcia-Rodriguez filed a motion to suppress, which was granted by the district court. *Id.* During the motion hearing, the State framed the issue as whether the arrest complied with Idaho statutes governing arrest for failure to purchase a driver's license, and the district court concluded that the initial stop, the continued detention, and the eventual arrest were all unlawful. *Id.* The State timely appealed, and this Court reversed the decision of the district court. *Id.* The Idaho Supreme Court granted Garcia-Rodriguez's petition for review. *Id.*

The Supreme Court affirmed the district court's order granting Garcia-Rodriguez's motion to suppress. *Id.* at 276, 396 P.3d at 705. The Supreme Court noted that during the proceedings before the district court, the State consistently argued that Garcia-Rodriguez was

3

arrested pursuant to I.C. § 49-301(1) for driving without a license and that the trooper reasonably concluded he would likely not appear in court, justifying the arrest pursuant to I.C. § 49-301 and I.C. § 49-1407(1), which imposes limitations on arrests for certain misdemeanor violations of Idaho's motor laws. *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. The Court pointed out that the State's argument on appeal and review that I.C. § 49-1407 is immaterial to the question of the constitutionality of the arrest was never raised below. *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. The Supreme Court concluded the State's assertion that once the trooper had probable cause to believe that Garcia-Rodriguez was driving without a license his arrest did not violate the Fourth Amendment, despite the limitations that I.C. § 49-1407 imposes, was likely correct. *Garcia-Rodriguez*, 162 Idaho at 276, 396 P.3d at 705. However, because the State failed to advance that argument below, the Court did not address the merits on the basis it was not properly before the Court on appeal. *Id.* The Court reasoned:

> The State contends that this Court should apply the correct legal analysis in reaching our decision on appeal, without regard for the arguments advanced before the trial court. It is true that "where an order of the district court is correct but based upon an erroneous theory, this Court will affirm upon the correct theory. This doctrine is sometimes called the 'right result-wrong theory' rule." While the State properly observes that this Court has corrected lower court decisions based on legal error, we did so when the lower court reached the correct result albeit by way of erroneous legal reasoning. This is not one of those situations. We decline to adopt a "wrong result-wrong theory" approach to reverse a lower court's decision based on issues neither raised nor argued below.

*Id.* at 275-76, 396 at 704-05 (citations omitted).

In the present case, at the district court level Weigle made his objection on the basis that Exhibit 13 was admitted for the purpose of aiding the witness, and there is a difference between exhibits admitted for aiding a witness and an exhibit entered as part of evidence to be considered by the jury. On appeal, Weigle makes a new argument based on the interpretation of I.C. § 19-2203, which provides:

> Upon retiring for deliberation, the jury may take with them all exhibits and all papers (except depositions) which have been *received in evidence* in the cause, or copies of such public records or private documents given in evidence as ought not, in the opinion of the court, to be taken from the person having them in possession. They may also take with them the written instructions given and notes of the testimony or other proceedings on the trial, taken by themselves or any of them, but none taken by any other person.

4

(Emphasis added.) Weigle contends that the phrase "received in evidence" is ambiguous, and exhibits admitted for demonstrative purposes are not received into evidence within the meaning of I.C. § 19-2203. However, there is no reference below to Weigle's current argument that Exhibit 13 was not received in evidence within the meaning of I.C. § 19-2203, and he acknowledges that he did not frame the issue below as one of statutory interpretation. Similar to the situation in *Garcia-Rodriguez*, there is no reference made below to the statute upon which the argument on appeal is made. Therefore, even though the State concedes that this statute is likely controlling, the issue is not properly before this Court. Accordingly, pursuant to the same reasoning in *Garcia-Rodriguez*, we decline to reach the merits of Weigle's argument on appeal, and Weigle's conviction for robbery is affirmed.

## IV.
## CONCLUSION

We conclude Weigle's new legal theory is not properly before this Court because it was not raised below. Accordingly, Weigle's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

5