# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47748

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 10, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JUAN MARTIN RODRIGUEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying Idaho Criminal Rule 35(a) motion, vacated and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Juan Martin Rodriguez appeals from the denial of his motion to correct an illegal sentence under Idaho Criminal Rule 35(a). We vacate the district court's denial of Rodriguez's Rule 35 motion and remand the case for entry of an order consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2015, Rodriguez pled guilty to felony driving under the influence (DUI) (2015 case). The district court sentenced Rodriguez to ten years of imprisonment with two years determinate but suspended the sentence and placed him on probation. As a condition of probation, the court ordered Rodriguez to serve ninety days in jail. Additionally, the court suspended Rodriguez's driver's license for five years, commencing "on the date of [his] release from incarceration, or upon conclusion of any other current driver's license suspension,

1

whichever is later."[1]  Rodriguez completed his ninety-day jail service in August 2015, at which time his suspension in the 2015 case commenced.

While on probation in the 2015 case, Rodriguez was stopped in December 2017 for numerous traffic violations.  After Rodriguez failed a breathalyzer test and the officer learned Rodriguez had two active warrants for his arrest, the officer arrested Rodriguez.  As a result, the State charged Rodriguez with felony DUI and driving without privileges.  Rodriguez pled guilty to DUI and the State dismissed the remaining charge.  The district court sentenced Rodriguez to ten years with three years determinate to run concurrently "with all other sentences currently being served" and retained jurisdiction.  The court also suspended Rodriguez's driver's license again for a period of five years.  This suspension stated in relevant part that "[Rodriguez's] driver's license is suspended for a total of five (5) years, commencing upon [his] release from incarceration."

As a result of Rodriguez's arrest in December 2017, which gave to this case, the State also charged Rodriguez with a probation violation in the 2015 case.  After Rodriguez's probation was revoked in the 2015 case, he received a period of retained jurisdiction in that case to run concurrently with the retained jurisdiction in this case.  Rodriguez completed the concurrent riders, and thereafter the district court placed Rodriguez on probation in this case and reiterated the terms of the driver's license suspension, including that Rodriguez's driver's license was suspended for five years "commencing upon [his] release from incarceration."  The court, however, relinquished jurisdiction in the 2015 case, and Rodriguez remained incarcerated.

While Rodriguez was still incarcerated in the 2015 case, he filed a pro se Rule 35 motion to correct an illegal sentence in this case.  On appeal, the parties agree that Rodriguez's motion asserted his sentence in this case was illegal for failing to give him credit against the driver's license suspension for the time during which he was incarcerated while on a rider.[2]  The district court, however, construed Rodriguez's argument to request that his two suspensions--one in the 2015 case and another in this case--not last more than five years collectively.  After framing

---

[1]  The judgment in the 2015 case is not in the appellate record in this case.  The district court, however, quotes the driver's license suspension language in the 2015 case in its ruling, and neither party disputes that language.

[2]  On appeal, Rodriguez concedes his motion is "exceptionally difficult to follow" and "a challenging read."  Meanwhile, the district court characterized the motion as "confusing."

2

Rodriguez's argument in this manner, the court then rejected that argument and denied Rodriguez's motion.

The district court concluded that Rodriguez's driver's license suspension in the 2015 case had "run a little over two years" and had "a little less than three years" remaining;[3] his suspension in this case "never started running" because Rodriguez had not been released from incarceration following the revocation of his probation in the 2015 case; and as a result, "his driver's license suspension will total a little less than eight years" based on the two separate suspensions. Further, the court concluded that Idaho Code § 18-8005[4] provides driving privileges may be suspended for up to five years; neither of the judgments provided the two suspensions would run concurrently; and the collective suspension of Rodriguez's license for more than five years did not impose an illegal sentence. The result of the court's conclusions was an implicit ruling that Rodriguez's suspension in this case runs consecutive to the suspension in the 2015 case.

Rodriguez timely appeals the denial of his Rule 35 motion.

## II.

## STANDARD OF REVIEW

This Court exercises free review of whether a sentence is illegal from the face of the record under Rule 35(a). *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009). The term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record; i.e., resolving the issue does not involve significant questions of fact or require an evidentiary hearing. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which

---

[3] This calculation appears to be based on the time between Rodriguez's release from incarceration on August 26, 2015, in the 2015 case and his arrest on December 22, 2017, in this case and to take into account that a driver's license suspension "cease[s] to run if the individual is reincarcerated." Idaho Code § 18-8011.

[4] Idaho Code § 18-8005 was amended in July 2019. That amendment, however, did not affect subsection (6)(d), which is at issue in this case.

3

the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *see also State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015) ("Rule 35's purpose is to allow courts to correct illegal sentences, *not* to reexamine errors occurring at trial or before the imposition of the sentence.").

This Court also exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the Court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

## II.

## ANALYSIS

On appeal, Rodriguez argues the district court erred by ruling that a driver's license suspension--which is silent as to whether it runs concurrently or consecutively to another suspension--is necessarily consecutive. He contends neither I.C. § 18-8005(6)(d) nor I.C. § 18-8011 "expressly permits a sentencing court to impose *consecutive* license suspensions." In response, the State does not address Rodriguez's statutory argument, the district court's ruling that Rodriguez's suspensions are consecutive, or Rodriguez's actual argument according to the parties that he should receive credit against his suspension for the time he was incarcerated while on a rider. Instead, the State argues the suspension in this case is "facially legal" under I.C. § 18-8005(6)(d) and that, as a result, this Court should affirm the district court's denial of Rodriguez's Rule 35 motion. In reply, Rodriguez notes the State does not dispute that the district court denied his motion for the wrong reason and argues the court "effectively lengthened the license suspension by retroactively making the two suspensions consecutive."

As an initial matter, we address under the free review standard Rodriguez's argument which the parties agree he actually made in his Rule 35 motion. That argument is that the district court purportedly imposed an illegal sentence by failing to give Rodriguez credit against his

4

driver's license suspension for the time he was incarcerated on a rider. We disagree that Rodriguez was entitled to credit against his suspension in this case for that period of time.

Both the original judgment in this case and the subsequent judgment ordering probation expressly provide that Rodriguez's driver's license is suspended for five years "*commencing upon [his] release from incarceration.*" (Emphasis added.) This term is in accord with the plain language of I.C. § 18-8005(6)(d), which provides a defendant "[s]hall have his driving privileges suspended by the court . . . *after release from imprisonment*." (Emphasis added). Accordingly, Rodriguez's driver's license suspension in this case begins *after* his release from incarceration, and he does not receive any credit against that suspension for the period of time during which he was incarcerated on a rider.[5] Rodriguez cites no authority and makes no argument to the contrary.

Next, we address Rodriguez's argument on appeal that the district court improperly ruled that his driver's license suspension in this case runs consecutive to his suspension in the 2015 case. Rodriguez is correct that neither the plain language of I.C. § 18-8005 nor I.C. § 18-8011 provide that multiple suspensions may run consecutively. To the contrary, I.C. § 18-8005(6)(d) plainly provides, as noted above, that a suspension commences "after release from imprisonment." Accordingly, we decline to read a contrary term into the statute allowing for a suspension to commence only after the expiration of another pending suspension. *See Iselin v. United States,* 270 U.S. 245, 251 (1926) ("To supply omissions transcends the judicial function."); *State v. Coniconde*, 166 Idaho 164, 167-68, 456 P.3d 530, 533-34 (Ct. App. 2019) ("[W]hen a statute is silent as to a term, courts lack the authority to add to what the text states or reasonably implies.").

Moreover, the district court's ruling that Rodriguez's two driver's license suspensions are to run consecutively conflicts with both the original judgment in this case and the subsequent judgment ordering probation. As noted above, both of these judgments expressly provide

---

[5]     We express no opinion on Rodriguez's driver's license suspension in the 2015 case. The language of that suspension, however, suggests the sentencing court may have intended the suspension to run consecutive to other existing suspensions by providing that the suspension in the 2015 case commence "on the date of [Rodriguez's] release from incarceration, *or upon conclusion of any other current driver's license suspension, whichever is later*." (Emphasis added.) Regardless, the suspension in this case was not a "current" suspension when the suspension in the 2015 case was imposed; rather, the suspension in this case did not yet exist at that time.

Rodriguez's driver's license is suspended for five years "*commencing upon [his] release from incarceration.*" (Emphasis added.) Neither these judgments nor any statute provide a basis to require Rodriguez's suspension in this case to commence only after the suspension in the 2015 expires.

### III.

### CONCLUSION

Although the district court's ultimate denial of Rodriguez's Rule 35 motion is not erroneous, the court's conclusion that Rodriguez's driver's license suspension in this case runs consecutive to the 2015 case is erroneous. Accordingly, we vacate the court's order denying the motion and remand for entry of an order consistent with this Court's opinion.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.