# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49415

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed:  January 9, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMES MARK POPP, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

James Mark Popp appeals from his judgment of conviction for possession of a controlled substance.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers approached Popp while he was seated in the front, passenger seat of a vehicle in the parking lot of a local bar.  Popp was resting his arm out of the vehicle's window while flicking ash from his cigarette onto the parking lot.  An officer informed Popp that, by discarding his cigarette ash onto the lot, he was littering.  An officer collected Popp's identification and ran an identification query, while another officer conducted a dog sniff on the vehicle.  The dog sniff yielded a positive alert.  At the request of an officer, Popp exited the vehicle and consented to a

1

search of his person. The officer searching Popp discovered a rolled-up dollar bill in his pocket with white residue on it. The residue tested positive for cocaine, and Popp was placed under arrest for possession of drug paraphernalia. Officers handcuffed Popp and conducted a more thorough search of his person. During that search, officers located a bag containing a white substance which subsequently tested positive for cocaine.

The State charged Popp with possession of controlled substance, possession of drug paraphernalia, and violating the anti-littering ordinance (Coeur d'Alene Municipal Code Section 8.36.100). Popp then filed a motion to suppress, arguing the anti-littering ordinance does not include cigarette ash and, that even if it did, it does not preclude his conduct because he was in a private parking lot. Alternatively, Popp argued the ordinance is unconstitutionally vague as applied to his conduct because the statute does not reference cigarette ash.[1] The State's response to Popp's motion included the argument that Popp's conduct was also prohibited by I.C. § 18-7031.

The district court denied Popp's motion, concluding that officers lawfully seized him on reasonable suspicion of violating the anti-littering ordinance and I.C. § 18-7031. Subsequently, Popp entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c)(1), reserving his right to appeal the denial of his motion to suppress. In exchange for Popp's guilty plea, the State dismissed the other charges. Popp appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1]     Popp also challenged the search of his person but does not pursue that argument on appeal.

This Court exercises free review over the application and construction of ordinances and statutes. *State v. Bitt*, 118 Idaho 584, 585, 798 P.2d 43, 44 (1990); *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Popp argues that the district court erred in denying his motion to suppress. Specifically, Popp asserts that officers unlawfully seized him because discarding cigarette ash is not littering under the city ordinance or the state statute. Popp further asserts that, even if cigarette ash is considered litter under the ordinance, the incident did not occur on public grounds as required by the ordinance. Similarly, Popp argues that, even if disposing cigarette ash is prohibited by the statute, the State failed to provide any evidence that his conduct was not authorized by the owner of the parking lot. Popp also asserts the ordinance should be found void for vagueness for failure to provide adequate notice that cigarette ash constitutes litter. We agree that Popp's conduct did not violate the city ordinance but affirm the district court's order denying Popp's motion to suppress because Popp has failed to show he was entitled to suppression based on the statute.

**A.      Coeur d'Alene Municipal Code Section 8.36.100**

Coeur d'Alene Municipal Code Section 8.36.100 provides, in relevant part, that it "is unlawful for any person to dispose of, throw away or leave any empty container or other litter on any public park, grounds, parking facility or thoroughfare within the city." The district court concluded that the parking lot where Popp disposed of his cigarette ash is encompassed within the ordinance. The district court reasoned that the parking lot is a "parking facility" that is "open to the public" and is, therefore, a "quasi public and quasi private facility; open to the public, owned privately." We do not agree with the district court's interpretation of the ordinance.

Where the language of an ordinance is plain and unambiguous, this Court must give effect to the ordinance as written. *See State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The ordinance as written only precludes littering on a "public park, grounds, parking facility or thoroughfare within the city." It is undisputed, and the district court found, that the parking lot on which Popp disposed of his cigarette ash is privately owned. That the parking lot is open to the public does not bring it within the purview of the ordinance. Such an interpretation adds language to the ordinance and is

3

inconsistent with the related ordinance defining "parking facility." Coeur d'Alene Municipal Code § 4.05.030B defines "parking facility" as "[a]ny property owned by the City of Coeur d'Alene on which private vehicles are allowed to park." Because the parking lot on which Popp deposited his cigarette ash is privately owned, it is not owned by the city and does not qualify as a parking facility for purposes of Coeur d'Alene Municipal Code Section 8.36.100.

The State urges us to reach a contrary conclusion based on our prior opinion in *State v. Schmitt*, 144 Idaho 768, 171 P.3d 259 (Ct. App. 2007). We are unpersuaded. In *Schmitt*, the defendant was detained outside of a storage warehouse holding an open container of beer and was subsequently arrested for violating the city's open container ordinance. The defendant filed a motion to suppress arguing, in relevant part, that the officers lacked probable cause to arrest him for violating the ordinance. The applicable ordinance prohibited possessing an open container except within a "fully enclosed, privately-owned building or upon a private parking lot adjacent or appurtenant to such building provided such parking lot is located more than two hundred (200) feet away from the premises of any licensed liquor vendor." *Id.* at 771, 171 P.3d at 262 (quoting Idaho Falls City Ordinance § 4-3-17). This Court noted that "private parking lot" was not defined by the ordinance and that the ordinance made "a clear distinction between a 'privately-owned' building and a 'private parking lot' indicating the word 'private,' for purposes of the ordinance, is not intended to be synonymous with 'privately owned.'" *Schmitt*, 144 Idaho at 771, 171 P.3d at 262.

Unlike the Idaho Falls ordinance at issue in *Schmitt*, the Coeur d'Alene ordinance at issue in this case does not distinguish between privately-owned and private. Indeed, the Coeur d'Alene ordinance does not include any language making it applicable to a private or privately-owned location. Rather, it only applies to a "public park, grounds, parking facility or thoroughfare within the city." Moreover, unlike the term "private parking lot" in the Idaho Falls ordinance discussed in *Schmitt*, the term "parking facility" used in the Coeur d'Alene ordinance is defined. While that definition refers to private vehicles, a parking facility is not defined as one that is private or privately-owned. Instead, ownership is by the city. There is no need to graft the interpretation of an entirely different ordinance in *Schmitt* onto the Coeur d'Alene ordinance Popp was alleged to have violated.

4

Because Popp's conduct did not violate Coeur d'Alene Municipal Code Section 8.36.100, his detention was not justified based on that ordinance. Thus, we next address whether his detention was justified based on I.C. § 18-7031 and conclude that it was.

**B.    Idaho Code Section 18-7031**

Idaho Code Section 18-7031 prohibits "deposit[ing] upon any public or private property within this state any debris, paper, litter, glass bottles, glass, nails, tacks, hooks, hoops, cans, barbed wire, boards, trash, garbage, *lighted material* or other waste substances on any place not authorized by any county, city, village or the owner of such property." (Emphasis added). Although Popp argues that "discarded cigarette ash" is not "litter," he "assum[es], without conceding, that burnt cigarette ash constitutes 'lighted material,' under the plain language of [I.C. § 18-7031]." According to Popp, because the plain language of I.C. § 18-7031 "also requires that the depositing of such material" be unauthorized by the property owner, he was entitled to suppression given the State's failure to present evidence that the owner of the parking lot "did not authorize people to smoke there and deposit the burnt ash onto the ground." Such evidence was not, however, required in order to detain Popp.

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity.[2] *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Because the officers witnessed Popp discarding his cigarette ash onto a

---

[2]    In his reply brief, Popp argues that the State's reliance on the reasonable suspicion standard regarding the violation of I.C. §18-7031 is unpreserved. We disagree. The issue before the district court, framed by Popp's motion to suppress, was whether there was reasonable suspicion for his detention. The State's response to Popp's motion cited the reasonable suspicion standard and argued there was reasonable suspicion that Popp violated both Coeur d'Alene Municipal Code Section 8.36.100 and I.C. § 18-7031. Popp's argument that the State failed to preserve an argument regarding reasonable suspicion of the statutory violation as a basis for his detention is without merit.

parking lot, there was reasonable suspicion to believe he was violating I.C. § 18-7031. Contrary to Popp's argument, the State did not have to present evidence at the suppression hearing that Popp was authorized to deposit his cigarette ash in the parking lot in order to establish the officers had reasonable suspicion at the time of Popp's detention.

As part of Popp's detention, officers could obtain Popp's identification to write and issue him a citation. The district court considered testimony from multiple officers present at the scene which established that, after Popp provided his identification, a dog sniff on the vehicle yielded a positive alert. The dog sniff provided officers with reasonable suspicion that Popp was, had been, or was about to be engaged in criminal activity. Furthermore, Popp consented to the subsequent search of his person which revealed he was in possession of drug paraphernalia. Based on these circumstances, the district court correctly concluded the seizure of Popp was lawful because there was a reasonable suspicion that a crime occurred in the presence of officers, and the consensual search of Popp yielded the discovery of drug paraphernalia. Popp has, therefore, failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

Popp's conduct did not violate Coeur d'Alene Municipal Code Section 8.36.100 because his conduct did not occur in a location covered by the ordinance. However, Popp's conduct did occur in a location covered by I.C. § 18-7031. Thus, we affirm the district court's decision that officers lawfully seized Popp because there was reasonable suspicion to believe Popp was violating I.C. § 18-7031. Popp has failed to show the district court erred in denying his motion to suppress. Accordingly, Popp's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

6