# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51312

STATE OF IDAHO,       )
                                  )
           Plaintiff-Respondent-Cross   )
           Appellant,              )
                                    )
v.                                    )
                                   )
ISMIEL EMANNUEL MEEDS,      )
                                   )
           Defendant-Appellant-Cross   )
           Respondent.            )
                                   )

Filed: March 19, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction for possession, introduction, or removal of certain articles into or from a correctional facility and being a persistent violator, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

    Ismiel Emannuel Meeds appeals from his judgment of conviction for possession, introduction, or removal of certain articles into or from a correctional facility and being a persistent violator. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

    Meeds was present when a woman was discovered to have overdosed on drugs. He directed another person to call 911 and attempted to assist the woman. Paramedics arrived but were unable to revive her and she was pronounced dead. In the meantime, police officers arrived and began investigating the circumstances of her death. After the officers discovered an outstanding warrant for

1

Meeds, he was arrested and transported to jail. During the booking process, an intake search was conducted and officers found methamphetamine and marijuana concealed in his anal cavity. Meeds was charged with possession, introduction, or removal of certain articles into or from a correctional facility, I.C. §§ 18-2510(3) and 19-2520F, and being a persistent violator, I.C. § 19-2514. Meeds was charged with possession, introduction, or removal of certain articles into or from a correctional facility, I.C. §§ 18-2510(3) and 19-2520F, and being a persistent violator, I.C. § 19-2514.

Meeds filed a motion to dismiss his case under I.C. § 37-2739C (Idaho's good Samaritan law), which provides, in pertinent part, that a person acting in good faith who seeks medical assistance for any person experiencing a drug-related emergency shall not be prosecuted for possession of a controlled substance, using or being under the influence of a controlled substance, or using or possessing with intent to use drug paraphernalia. The district court denied the motion.

Meeds entered a conditional plea of guilty to possession, introduction, or removal of certain articles into or from a correctional facility and being a persistent violator.[1] He appeals, arguing that I.C. § 37-2739C should be read broadly to apply to the crime of possession, introduction, or removal of certain articles into or from a correctional facility.[2]

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the

---

[1]     In addition to the charge of possession, introduction or removal of certain articles into or from a correctional facility and a sentencing enhancement, Meeds was charged with possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia but those charges were dismissed by the district court pursuant to I.C. § 37-2739C.

[2]     The State filed a notice of cross-appeal but, in its brief, specifically declined to pursue its issues on cross-appeal.

2

language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

## III.

## ANALYSIS

Meeds argues that I.C. § 37-2739C was enacted to allow people to seek medical assistance in a drug-related emergency without fear of being prosecuted for drug possession or possession of drug paraphernalia and that this Court should read the statute broadly to effect its remedial purpose and hold that the crime of possession, introduction, or removal of certain articles into or from a correctional facility is included in the statutory bar to arrest and prosecution. However, I.C. § 37-2739C is plain and unambiguous. It precludes prosecution for three crimes as follows:

> A person acting in good faith who seeks medical assistance for any person experiencing a drug related medical emergency shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code, for using or being under the influence of a controlled substance pursuant to section 37-2732(a), Idaho Code, or for using or possessing drug paraphernalia pursuant to section 37-2734A(1), Idaho Code, if the evidence for the charge of possession of, or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the person seeking medical assistance.

I.C. § 37-2739C(1). Because this statute is plain and unambiguous, we do not engage in statutory construction. Rather, we give the statute its plain, obvious, and rational meaning. Idaho Code Section 18-2510(3) is not one of the three crimes mentioned in the statute. Therefore, I.C. § 37-2739C does not preclude prosecution for a violation of I.C. § 18-2510(3). Meeds also argues that his arrest on a warrant was invalid because, again, the intent of protection from prosecution under I.C. § 37-2739C should prevent a good Samaritan from being arrested on an outstanding warrant when seeking medical assistance for a drug-related medical emergency. Meeds also argues that his arrest on a warrant was invalid because, again, the intent of protection from prosecution under I.C. § 37-2739C should prevent a good Samaritan from being arrested on an outstanding warrant when seeking medical assistance for a drug-related medical emergency. This argument does not avail him because nothing in the plain language of I.C. § 37-2739C prohibits arrest on a preexisting outstanding warrant. Meeds has failed to show error in the district court's denial of his motion to dismiss. Whether prosecution for additional crimes or arrests on outstanding warrants should be prohibited by I.C. § 37-2739C is a matter for the legislature, not this Court.

3

## IV.

## CONCLUSION

The district court did not err in denying Meeds' motion to dismiss. Thus, his judgment of conviction for possession, introduction, or removal of certain articles into or from a correctional facility and being a persistent violator is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.