**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51843**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 10, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBROY WALL, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct an illegal sentence, affirmed.

Silvey Law Office LTD; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Robroy Wall, Jr. appeals from the district court's order denying his Idaho Criminal Rule 35 motion to correct an illegal sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Wall was found guilty of first degree murder (Idaho Code §§ 18-4001, -4002, -4003, -204) with an enhancement for use of a firearm (I.C. § 19-2520). The district court sentenced Wall to a unified term of life imprisonment, with a minimum period of confinement of twenty-five years, for first degree murder and a concurrent, determinate term of five years for the firearm enhancement. Wall, appearing pro se, filed an I.C.R. 35 motion to correct an illegal sentence, arguing the sentence was "illegal from the face of the record because the five (5) years fixed for gun enhancement was ran concurrent instead of consecutive" to the first degree murder sentence.

1

Wall requested that his sentence be corrected to "twenty (20) years fixed for first degree murder and five (5) years fixed for gun enhancement ran consecutive." The district court denied Wall's motion. Wall appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Wall argues the district court erred by denying his I.C.R. 35 motion to correct an illegal sentence because the firearm enhancement statute (I.C. § 19-2520) requires his sentence to be "consecutive and not concurrent." In response, the State asserts that the district court correctly held that the plain language of I.C. § 19-2520 does not require the enhancement to run consecutively. The State also argues that, to the extent Wall is arguing that the district court erred by imposing a separate sentence for the firearm enhancement, he has waived this argument because he did not raise the issue below.

Idaho Code Section 19-2520 authorizes a sentencing enhancement for use of a firearm for certain enumerated offenses, including first degree murder. Section 19-2520 provides, in relevant part:

> Any person convicted of a violation of sections . . . 18-4003 (degrees of murder) . . . who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment. The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.
> . . . .
> This section shall apply even in those cases where the use of a firearm is an element of the offense.

On appeal, Wall contends the district court erred when it denied his motion to correct an illegal sentence. Wall asserts that, while I.C. § 19-2520 does not contain the word "consecutively,"

that is the result which is required.  The State responds that the district court did not err in applying the plain language of the statute to Wall's sentence.

This Court exercises free review over the application and construction of statutes.  *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).  Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.  *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000).  The language of the statute is to be given its plain, obvious, and rational meaning.  *Burnight*, 132 Idaho at 659, 978 P.2d at 219.  If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.  *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

The district court correctly held that the plain language of I.C. § 19-2520 does not require the enhanced penalty to run consecutively.  Wall has failed to show any error in the district court's ruling that the statute does not require the enhanced penalty to run consecutively to the underlying offense.

Wall further asserts that the "point is that the firearm enhancement statute requires (as in shall) a sentence to an extended term of imprisonment computed by increasing the maximum sentence by 15 years."  The State responds that "it is possible that Wall is arguing that the district court erred by imposing a separate sentence based on the enhancement, as opposed to enhancing the underlying sentence itself."  The State concedes that it would be error to impose a sentence on an enhancement separate from the sentence on the underlying felony but argues the issue must be addressed to the district court prior to making a claim of error on appeal.  The State argues that, even if Wall is making such an argument, he has waived the argument on appeal because he failed to present the issue below.  We agree.  Generally, issues not raised below may not be considered for the first time on appeal.  *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Consequently, assuming that this is Wall's argument, the issue and argument are not properly before this Court, and we decline to consider them.  *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (explaining that appellate court review is limited to the evidence, theories, and arguments that were presented below).  Wall has cited no authority and provided no argument to the district court in his I.C.R. 35 motion regarding the separate sentence for the

3

enhancement, therefore the issue is unpreserved.  Thus, Wall has failed to show the district court erred in denying his I.C.R. 35 motion.

## IV.
## CONCLUSION

The district court did not abuse its discretion in denying Wall's I.C.R. 35 motion to correct an illegal sentence.  In addition, any argument by Wall regarding an illegal separate sentence was not raised below and is waived on appeal.  Therefore, the district court's order denying Wall's I.C.R. 35 motion is affirmed.

Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.